Hon. Robert F. Baldwin, Jr. Village Attorney, Fayetteville
This is in reply to your letter of March 1, 1978, wherein you request an opinion as to the residency requirement for an Acting Village Justice. As you noted in your letter, Village Law, § 187, was repealed by chapter 897 of the Laws of 1972, which chapter recodified the Village Law.
Public Officers Law, § 3(1), provides in part:
 "No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, * * * be a citizen of the United States, a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen * * *"
Village Law, § 3-300 (2), provides, in part:
 "No person shall be eligible to be appointed to or to hold any other village office who * * * is not a village resident * * * Notwithstanding any other provisions of law to the contrary; (a) the board of trustees of a village may provide, in lieu of any other residency requirement imposed by law, that any appointed village officer may reside within a county in which the village is wholly or partially situated,
* * * (Emphasis supplied.)
The N Y Const, art IX, § 2(c)(ii), provides in part:
 "[E]very local government shall have power to adopt and amend local laws * * * relating to the following subjects * * *:
 "(1) The * * * qualifications * * * of its officers * * *" (Emphasis supplied.)
Municipal Home Rule Law, § 10(1)(ii)(a)(1), implements this constitutional provision.
In view of all these provisions, we conclude that if the village board of trustees promulgates a local law to expand the residency requirement for Acting Village Justice to encompass the county in which the village is situated, that a person residing outside the village but within the county may be appointed Acting Village Justice. Without such a local law, only a village resident can be appointed Acting Village Justice.